IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIRGINIA SMITH, Individually, and as PERSONAL
REPRESENTATIVE OF THE ESTATE OF JIMMIE
SMITH; CARMELITA SMITH,

    Plaintiffs,

vs.                                      No. 1:19-cv-00975-JCH-LF

THE UNITED STATES OF AMERICA;
DAVID MELVILLE, M.D.;
JOHN AND JANE DOES 1-10; BLACK
AND WHITE CORPORATIONS 1-10,

    Defendants.

## PLAINTIFFS' FIRST AMENDED MOTION FOR SUMMARY JUDGMENT ON LIABILITY AND DAMAGES AGAINST DEFENDANT UNITED STATES

Plaintiffs, by and through their undersigned counsel, and pursuant to pursuant to Fed. R. Civ. P., Rule 56(c) and D.N.M.LR-Civ. 56.1, and the Court's *Order Granting Unopposed Motion to Extend Certain Deadlines* [Doc.45], respectfully requests that the Court grant summary judgment in favor of their *Motion for Summary Judgment on Liability and Damages Against Defendant United States.*

In accordance with D.N.M. Lr-Civ 7.1(a), Defendant United States has noted its opposition to this Motion.

Plaintiffs respectfully submit that the Court find as a matter of undisputed facts and New Mexico law, there are no disputed material facts as to the breach of the medical standards of care, medical causation, and damages relative to the Plaintiffs claims that the Defendant United States of America's undisputed and unrebutted medical negligence, causation, and damages to Plaintiffs because:

1. This Federal Tort Claims Act medical negligence claim requires that New Mexico law be applied for purposes of finding as a matter of fact(s) and law that the Defendant is liable for the acts and failures to act proximately causing the wrongful death of Jimmie Smith. NMSA (1978) Section 45-1-1 *et. seq.*;

2. On June 30, 2020, Plaintiffs timely disclosed their liability and damages expert witnesses, namely: Dr. Edward Carrington (Family Practice); Dr. Gerald Goldklang (Internal Medicine and Medical Oncologist); Loretta Hayko (nurse); and M. Brian McDonald, Ph.D. (forensic economist), [Doc. 40];

3. Plaintiffs' expert witness disclosures were consistent with the procedural requirements of Fed. R. Civ. P., Rule 26, D.N.M. LR- Civ. 26.3, and this Court's Scheduling Order [Doc. 45] in disclosing their expert witnesses, both liability and damages, setting forth their qualifications to offer expert testimony, including the disclosure of their vita, fee schedule, past testimony history, and their signed and dated written expert report;

4. Plaintiffs' Expert Witnesses Disclosures were timely filed pursuant to the Court's Scheduling Order [Doc. 40];

5. Defendant United States has not disclosed any liability and damages expert witnesses to rebut Plaintiffs' claims for relief despite a prior enlargement of time to make such disclosures and accordingly Plaintiffs' expert liability and damages testimony is undisputed [Doc. 45];

6. The time period for any expert witness disclosure has elapsed and Defendant has no expert witness(es) who can rebut Plaintiffs' expert testimony to a reasonable medical probability and to a reasonable economic probability.

7. Defendant United States has not filed any discovery, written or otherwise, and has not set any depositions as this date.

For the reasons that follow, Plaintiffs respectfully request that the Court find that there are no disputed material facts regarding the negligence and damages that Defendant can rebut through any counter expert testimony, and that because Defendant cannot substantiate that there are no disputed counter expert opinions, the Court enter summary judgment for Plaintiffs as a matter of federal procedural law and New Mexico substantive law.

## UNDISPUTED MATERIAL FACTS THAT ENTITLE PLAINTIFFS TO SUMMARY JUDGMENT AGAINST DEFENDANT UNITED STATES AS A MATTER OF LAW

1.      In the Court's Scheduling Order of March 8, 2020 [Doc. 29], Plaintiffs were to submit their expert witness disclosures by July 1, 2020. Defendant United States was to submit any expert witness disclosures on August 12, 2020. [Doc. 29].

2.      Plaintiffs timely disclosed both their liability and damages expert witnesses on June 30, 2020. [Doc. 40]. Specifically, Plaintiffs filed the expert witness reports of Dr. Carrington (Family Practice), Dr. Goldklang (Internal Medicine and Medical Urologist), Loretta Hyako (Nurse), and M. Brian McDonald (forensic economist). Plaintiffs attach their Expert Witness Disclosure served on the Defendant United States on June 30, 2020.

3.      Plaintiffs' expert witness disclosures were consistent with the procedural requirements of Fed. R. Civ. P., Rule 26 and D.N.M. LR- Civ. 26.3 in disclosing their expert witnesses, both liability and damages, setting forth their qualifications to offer expert testimony, including the disclosure of their vita, fee schedule, past testimony history, and their signed and dated written expert report.  [Doc. 29].

4.      Plaintiffs' expert witness reports of Dr. Carrington, Dr. Goldkang, Loretta Hyako and Dr. McDonald were filed with Defendant substantiating Plaintiffs' expert testimony on negligence, liability, causation, and damages.

5.      The deadline for Defendant United States expert witness disclosure has elapsed as of September 30, 2020. [Doc. 45].

6.      Defendant United States has not filed any discovery, written or otherwise, and has not set any depositions as of this date to affirmatively demonstrate any opposing facts and legal basis to claim that Plaintiffs' Motion is disputed. [Civil Docket Report, Docs. 1-54].  As of October

23, 2020, three weeks after the second deadline requested by Defendant in its motion for enlargement to make such disclosure, Defendant has continued to fail to disclose expert witness testimony or seek leave of the Court to do so. *Id*.

## ARGUMENT

### STANDARD OF REVIEW

This FTCA action is for medical negligence against the United States arising under New Mexico law. (New Medical Malpractice Act, NMSA 1978, §41-5-1 *et. seq*.). Accordingly, Plaintiffs have the burden to establish to a reasonable medical probability: (1) the defendant owed the plaintiff a duty recognized by law; (2) the defendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused the plaintiff's injuries. *Diaz v. Feil,* 1994–NMCA–108, ¶ 5, 118 N.M. 385; *Brown v Kellogg*, 340 P.3d 1274 (Ct. App. 2014).

Plaintiffs are mindful that Defendant has contested liability but has not offered any counter expert damages opinions to rebut Plaintiffs' liability, negligence, causation, and damages expert testimony. Nor has Defendant conducted any discovery, written or otherwise, and has not noticed any depositions in the entire case to garner facts and legal argument to rebut Plaintiffs' claim of undisputed material facts. As a matter of law, therefore, if the Court finds that the Defendant was negligent in the medical care to Jimmie Smith, the Court can grant Plaintiffs' motion for summary judgment as to liability and damages predicated on the absence of any disputed material facts for the negligence and damages suffered by Plaintiffs proximately caused by the Defendant.

Under Fed. R. Civ. P. Rule 56(c), a district court may grant a plaintiff's motion for partial summary judgment if "there is no genuine issue of material fact" and the plaintiff is "entitled to a judgment as a matter of law." *Id*. Fed. R. Civ. P., Rule 56(a) maintains for purposes of the Court

granting a partial and/or motion for summary judgment:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

As demonstrated in this motion, the basis of the undisputed material facts is that Defendant United States failed to timely file any counter expert witnesses to rebut Plaintiffs' liability and damages experts.[1] Moreover, such lack of counter rebuttable expert witness may be used for summary judgment. *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650 (2nd Cir. 1983). On motion for summary judgment, court may consider admissions and facts conclusively established. *U.S. v. Farmers Mut. Ins. Ass'n of Kiron, Iowa,* 288 F.2d 560 (8th Cir. 1961).

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the Court " 'view[s] all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party.' " *Riser v. QEP Energy,* 776 F.3d 1191, 1195 (10th Cir. 2015) *(quoting Croy v. Cobe Labs. Inc., 345 F.3d 1199, 1201* (10th Cir. 2003)). A "material" fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *E.E.O.C. v. Horizon/CMS Healthcare Corp.,* 220 F.3d 1184, 1190 (10th Cir. 2000). The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial". *Applied Genetics*

---

[1] Defendant United States was granted an enlargement of time on August 11, 2020 [Doc. 45] for expert witness disclosure to be filed by September 30, 2020. *Id.* As of October 23, 2020, some three weeks past the second due date for such disclosure, Defendant has not filed any expert report or sought leave of the Court to file same.

*Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990).

New Mexico law tracks soundly with federal law in determining the dispositive nature of a summary judgment. The purpose of summary judgment proceedings is to expedite litigation by determining whether a party possesses competent evidence to support her pleadings to raise genuine issues of material fact, and if she has not, to dispose of the matters at that state of the proceeding. *Goffe v. Pharmaseal Lab., Inc*., 1976-NMCA-123, 90 N.M. 764, 568 P. 2d 600, *rev'd in part on other grounds*, 1977-NMSC-071, 90 N.M. 753, 568 P.2d 589. Plaintiffs, as the moving party, have the burden of proving that no genuine issues are disputed. *Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, 114 N.M. 228, 231, 836 P.2d 1249, 1252, See also, *State ex. Rel. Children Youth & Families v. Joe R.,* 1997- NMSC-038 ¶15, 123 N.M. 711. Upon a showing by the moving party that no genuine issue of material fact exists, it is then the burden of the nonmoving party to present "a concise statement of all of the material facts as to which the moving party contends no genuine issue exists." Rule 1-056 (D)(2) NMRA 2013. Entry of summary judgment is mandated *"*against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.*" Celotex Corp. v. Catrett,* 47 U.S. 317, 322, L. Ed. 2d 265 (1986).

Once the plaintiff makes such a showing, the burden shifts to the defendant to come forward with admissible evidence that establishes "a reasonable doubt, rather than a slight doubt, as to the existence of a genuine issue of fact." *Guest v. Berardinelli,* 2008-NMCA-144, ¶¶ 6-7, 145 N.M. 186, 195 P.3d 353 *(internal quotation marks and citation omitted).* If the defendant is unable to identify any evidence that would preclude the plaintiff's entitlement to a judgment as a matter of law, summary judgment is appropriate and must be granted. *See id.*

By failing to offer any rebuttable expert witness testimony, Defendant United States has

implicitly and explicitly acquiesced to the medical negligence and damages testimony asserted by Plaintiffs contained in their First Amended Complaint. [Doc. 22, February 20, 2020] and the expert witness opinions set forth in Plaintiffs' timely expert disclosures. Similarly, Defendant's failure to provide rebuttable expert testimony assists Plaintiffs in defeating any affirmative defenses. [Doc. 26, March 4, 2020, pages 12-14]. In sum, Defendant United States has not provided any rebuttable evidence and expert testimony to show that there are disputed material facts to defeat Plaintiffs' motion for summary judgment.

WHEREFORE, Plaintiffs respectfully seek an order of the Court granting Plaintiffs' *Motion for Summary Judgment on Liability and Damages Against Defendant United States* and for such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

*/s/ Theodore W. Barudin*
Theodore W. Barudin
BARUDIN LAW FIRM, P.C.
7900 Menaul Blvd. NE
Albuquerque, New Mexico 87110
(505) 332-1800
tbarudin@barudinlaw.com


And

Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
(404) 845-0012
rik@kaplanlegal.com
*Attorneys for the Plaintiffs*

8