IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIRGINIA SMITH, Individually, and as
PERSONAL REPRESENTATIVE OF THE
ESTATE OF JIMMIE SMITH; CARMELITA
SMITH,

      Plaintiffs,

vs.                                            No. 1:19-cv-00975-JCH-LF

THE UNITED STATES OF AMERICA;
DAVID MELVILLE, M.D.;
JOHN AND JANE DOES 1-10; BLACK
AND WHITE CORPORATIONS 1-10,

      Defendants.

## PLAINTIFFS' FIRST MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND IMMATERIAL PRIOR OTHER LITIGATION

Plaintiffs respectfully file their *First Motion in Limine to Exclude Irrelevant and Immaterial Prior Other Litigation*, and would state to the Court that this Motion is directed to the Defendant United States only as the Plaintiffs have dismissed Defendant David Melville.

Pursuant to D.N.M.LR-Civ. 7.1, Plaintiffs have advised Defendant United States of the filing of this motion and note its opposition in part that the "other litigation" is admissible and agreement in part that the settlement proceeds of such "other litigation" are inadmissible.

Plaintiffs state as follows:

1.     Prior to the above docketed litigation being filed for the wrongful death of Plaintiff decedent Jimmie Smith and for Plaintiffs' damages, were claimants in New Mexico state court actions for the negligence and bodily injury claims for their mother, Bessie Rose Smith. (First Amended Complaint for Negligence, Negligence per se, Misrepresentation, Violation of the Unfair

1

Trade Practices Act and Punitive Damages). *Bessie Rose Smith, et. al. v. Red Rocks Nursing Operations, LLC, et. al.*, D-1113-CV-201500387 filed in the Eleventh Judicial District Court (McKinley County), State of New Mexico on October 30, 2015.

2. The *Red Rocks* case was for Class IV decubitus bed sores suffered by Bessie Smith while a resident at the Red Rocks Care Center. This matter is currently involved with bankruptcy proceedings, and notwithstanding such procedural hurdles, is still active in the Eleventh Judicial District Court.

3. Plaintiffs were additionally involved in litigation in the Eleventh Judicial District docketed as *Bessie Smith v. Red Rocks Dialysis, LLC*, D-1113-CV-201400102 for injuries sustained at the dialysis center when she was dropped causing a serious leg injury. This case was settled and jointly dismissed by the parties on July 30, 2015.

4. Plaintiffs' current counsel was not involved in either of the referenced litigation.

5. These claims filed by Bessie Smith are not relevant or material to the claims for the wrongful death of the Estate of Jimmie Smith and Plaintiffs' claims for relief.

6. In sum, Plaintiffs seek an order of the Court that:

A. Prohibits any testimony and the entry of evidence regarding the litigation of Bessie Rose Smith in the Eleventh Judicial District Court (McKinley County) - *Bessie Rose Smith, et. al. v. Red Rocks Nursing Operations, LLC, et. al.*, D-1113-CV-201500387; *Bessie Smith v. Red Rocks Dialysis, LLC*, D-1113-CV-201400102;

B. Prohibits any testimony and the entry of evidence regarding the disposition of any settlement proceeds derived from these cases;

C. Exclude those portions of the deposition of Carmelita Smith attached hereto as **Exhibit 1** (pages 48, 49, 71-76).

The Federal Rules of Evidence, along with the identified case authority, supports this Motion. Plaintiffs respectfully request that the Court grant their *First Motion in Limine to Exclude Irrelevant and Immaterial Prior Litigation* referenced above.

**ARGUMENT**

I. **Prior Litigation Involving Bessie Smith is Irrelevant and Immaterial to the Current Litigation.**

Notwithstanding that the Smith family has been involved in litigation specifically regarding their deceased mother, Bessie Rose Smith, such other litigation has no bearing whatsoever regarding Plaintiffs' pending claims for the wrongful death of their father, Jimmie Smith, and their statutory and common law damages directly resulting from his passing. It is undisputed that the pending claims before the Court are entirely for the negligence and damages proximately caused by the Defendant United States in the negligent medical care and treatment of Mr. Smith by the federal employees at the Crownpoint Healthcare Facility ["Crownpoint"]. [Plaintiffs' First Amended Complaint – Doc. 26]. All of the prior litigation did not involve the United States, any of its federal personnel, and the claims did not occur at one of its medical facilities (Crownpoint).

Bessie Smith predeceased her husband, and as a matter of legal status and because of her prior passing to Mr. Smith's death on February 18, 2018, is not an heir or statutory heir to any of the proceeds that could be realized in this pending action. Such inquiry and evidence is irrelevant and immaterial to the negligence and damages claims pending before the Court.

**Federal Rules of Evidence, Rule 401 - Test for Admissibility is Not Met In This Case**

**Rule 401 (2020)**

**Evidence is relevant if:**
**(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and**
**(b) the fact is of consequence in determining the action.**

3

Plaintiffs submit that the claims of negligence for Bessie Smith uniquely inures to her alone and has no bearing on the wrongful death claims of Mr. Smith and Plaintiffs as filed against the United States. Ms. Smith's wrongful death and Plaintiffs' personal injury claims are against completely other defendants in different venues. It is anticipated that the United States will attempt to show that the Plaintiffs are litigious and sue medical providers for medical negligence and that somehow these other lawsuits are relevant and material to the current FTCA claims. [Attached as **Exhibit 1** are the excerpts of Carmelita Smith's deposition of October 21, 2020 demonstrating the line of questioning which is anticipated at trial].

The sad reality of the mishaps in the medical care suffered by Mrs. Smith are <u>not</u> relevant to the claims of the negligence by the United States proximately causing Plaintiffs' damages and the wrongful death of Mr. Smith. Plaintiffs' counsel correctly instructed Ms. Carmelita Smith to refrain from answering questions regarding the amounts of the money recovered and what they did with it. She made it abundantly clear that such settlement was confidential. Such inquiry is not relevant, material, is harassing, and prejudicial to the integrity of the claims and settlement in unrelated litigation.

In *SEC v. Goldstone*, *et, al*, No. CIV 12-0257 JB/LFG 2016 WL 3654279 (D.N.M. 06/09/2016), a case denying the admissibility of "other litigation", the district court reviewed the parties citing to Rules 401, 402, 404(b), and 403 of the Federal Rules of Evidence, as well as <u>Abu Dhabi Commercial Bank v. Morgan Stanley & Co.</u>, No. 08-Civ.-7508 (SAS), 2013 WL 1155420 (S.D.N.Y. March 20, 2013)(Scheindlin, J.)(a court will exclude evidence on a motion *in limine* only if the evidence is "clearly inadmissible on all potential grounds" citing *United States v. Ozsusamlar,* 428 F.Supp.2d 337, 340 (S.D . N.Y.2002), and <u>Estate of Tobin ex rel. Tobin v. SmithKline Beecham Pharmaceuticals</u>, No. 00-CV-0025, 2001 WL 36102165 (D. Wyo. May 18, 2001)(Beaman, M.J.).

The district court noted " 'T]he standard for relevancy is particularly loose under rule 401, because '[a]ny more stringent requirement is unworkable and unrealistic.' " *United States v. Ganadonegro,* 854 F. Supp. 2d 1088, 1127 (D.N.M. 2012) (Browning, J.)(quoting Fed. R. Evid. 401 advisory committee's note). On the other hand, however, "irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible." *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

Moreover, *SEC v. Goldstone* is further instructive inasmuch as the district court excluded "other litigation" which involved the same parties but under different facts. In the instant case, however, and unlike *SEC v. Goldstone*, the "other litigation" of Bessie Smith filed in the Eleventh Judicial District does not involve the United States, any of its personnel, and any of its medical facilities. The wrongful death of Jimmie Smith and Plaintiffs' damages arising from the United States' negligence is supported in the granting of the motion in limine in the *SEC* facts.

The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence. *Train v. City of Albuquerque,* 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009)(Browning, J.)(citing Fed. R. Evid. 401, 402, 403). "Relevant evidence is evidence that has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Gutierrez-Castro,* No. CR 10-2072 JB, 2011 WL 3503321, at *3 (D.N.M. Aug. 6, 2011)(Browning, J.)(citing Fed. R. Evid. 401)("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

There is no nexus of the facts and evidence between the negligence claims filed on behalf of Bessie Smith and the negligence claims before the Court for the medical negligence at Crownpoint

Health Care Facility. There are no objective grounds to warrant Defendant United States' anticipated efforts to bring such irrelevant and immaterial facts and evidence into this record.

A. **Federal Rules of Evidence Rule 402 does not allow irrelevant evidence**

> Relevant evidence is admissible unless any of the following provides otherwise:
>
> the United States Constitution;
> a federal statute;
> these rules; or
> other rules prescribed by the Supreme Court.
>
> *Irrelevant evidence is not admissible (Emphasis supplied).*

Under Federal Rule of Evidence 402, only relevant evidence is admissible. Relevant evidence must have some legitimate probative value. *Williams v. W.D. Sports, NM Inc.,* 2008 WL 7628955 (D.N.NM. 2008) citing *U.S. v. Larranaga,* 787 F.2d 489, 499 (10th Cir.1986). Further, evidence that is prejudicial or confusing to the jury is excluded under Rule 403. However, testimony is not excluded under Rule 403 simply because it is unfavorable to a party. It must be unfair "in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case." *U.S. v. Flanagan,* 34 F.3d 949, 953 (10th Cir.1994). Federal Rule of Evidence 702 assigns to the district judge a gatekeeping role to ensure that (scientific) testimony is both reliable and relevant utilizing Rule 402 analysis. *Williams, Id.*, *U.S. v. Lauder,* 409 F.3d 1254, 1262 (10th Cir.2005); *United States v. Courtney*, 2013 WL 4782148 (D.N.M. 2013)(citing *United States v. Goxcon–Chagal,* 885 F.Supp.2d 1118, 1162 (D.N.M.2012) (Browning, J.)(quoting Fed. R. Evid. 401 advisory committee's note). Irrelevant evidence, or that evidence which does not make a fact of consequence more or less probable, however, is inadmissible. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

### B. Federal Rules of Evidence Rule 403 – Exclusion of Evidence

**Rule 403 states:**

**The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence**.

Under Rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. *See United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989)(Baldock, J.). "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006)(Tacha, J.)(quoting *United States v. Sides,* 944 F.2d 1554, 1563 (10th Cir. 1991)(Brorby, J.)). The United States Court of Appeals for the Tenth Circuit has reminded district courts that they should be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly." *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010)(Baldock, J.). Mindful of such holding, Plaintiffs nonetheless submit that assessing the probative value of the irrelevant and immaterial "other litigation" filed on behalf of Bessie Smith has no bearing to the claims alleged herein and could burden the record with evidence of unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *SEC v. Goldstone*, *et, al.*, *Id.*

The decision to admit or exclude evidence pursuant to Rule 403 is within the trial court's discretion, *see United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999)(Kelly, J.) and the trial court's discretion to balance possible unfair prejudice against probative value is broad, *see United States v. Bice-Bey*, 701 F.2d 1086, 1089 (4th Cir. 1983)(Ervin, J.); *United States v. Masters*, 622 F.2d 83, 87-88 (4th Cir. 1980)(Russell, J.).

## CONCLUSION

Plaintiffs' Carmelita and Virginia Smith parents had the misfortune to suffer from medical negligence resulting in Bessie Rose Smith's injuries and in the wrongful death of Jimmie Smith. Notwithstanding these tragedies, allowing any evidence of the prior and "other litigation" regarding the claims of Bessie Smith are not supported by the Federal Rules of Civil Procedure, Rules 401, 402, and 403.

WHEREFORE, Plaintiffs respectfully request that the Court grant their *First Motion in Limine to Exclude Irrelevant and Immaterial Prior Other Litigation*, and for such other relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

***/s/ Theodore W. Barudin***
Theodore W. Barudin
7900 Menaul Blvd. NE
Albuquerque, New Mexico 87110
(505) 332-1800
tbarudin@barudinlaw.com

Ronald I. Kaplan, MD, JD
KAPLAN & LUKOWSKI, LLP
333 Sandy Springs Circle
Suite 200
Atlanta, Georgia 30328
(404) 845-0012
rik@kaplanlegal.com

**CERTIFICATE OF FILING**

This is to certify that Plaintiffs' *First Motion in Limine to Exclude Irrelevant and Immaterial Prior Other Litigation* was filed through the CM/ECF on November 16, 2020 and served to:

Erin Langenwalter
United States Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
505-224-1519
Erin.Langenwalter@usdoj.gov


*Theodore W. Barudin*